IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A., A
NATIONAL ASSOCIATION,
Appellant,
vs.
LAS VEGAS RENTAL & REPAIR, LLC
SERIES 57, A NEVADA LIMITED
LIABILITY COMPANY; AND SOLANA
HOMEOWNERS ASSOCIATION, AN
UNKNOWN NEVADA ENTITY,
Respondents.

No. 76914

FILED

NOV 1 5 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.[1]

We conclude that the district court erred in granting summary judgment for respondent Las Vegas Rental & Repair (LVRR), as appellant produced prima facie evidence that its agent, Miles Bauer, delivered the tender letter and check to Nevada Association Services (NAS). *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment). In particular, the December 23, 2011, "Received" stamp on the check's description and the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-46873

entries in Miles Bauer's computer records that the check was sent and returned give rise to a reasonable inference that the tender letter and check were delivered.[2] *Id.* ("[W]hen reviewing a motion for summary judgment, the evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party."). However, we also conclude that appellant is not entitled to summary judgment, as the absence of a courier slip in Miles Bauer's file and the absence of any record of delivery in NAS's file creates a genuine issue of material fact as to whether the tender letter and check were delivered.[3] *Id.* (observing that summary judgment is inappropriate when a genuine issue of material fact exists).

---

[2]Although LVRR argues that the affidavit authenticating these documents was insufficient, LVRR did not raise that argument in district court, and we decline to consider it for the first time on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[3]Appellant's alternative arguments do not entitle it to summary judgment. First, Miles Bauer's initial letter offering to pay the superpriority portion of the HOA's lien, once that amount was determined, was not sufficient to constitute a valid tender. *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018) ("Valid tender requires payment in full."). Second, appellant's excused-for-futility argument is not supported by any evidence. That is, no evidence suggests that Miles Bauer decided not to tender because it knew NAS would reject it. In particular, "[a]rguments of counsel are not evidence and do not establish the facts of the case." *Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) (internal quotation and alteration omitted).

With respect to appellant's claims against respondent Solana Homeowners Association, we conclude that summary judgment was proper on appellant's claims for wrongful foreclosure, tortious interference with contractual relations, and unjust enrichment. The claims for wrongful foreclosure and tortious interference with contractual relations are premised on there being a valid tender, but if there was a valid tender, appellant's deed of trust would survive and appellant would not be entitled to any additional relief. With respect to appellant's claim for unjust enrichment, the district court determined that appellant did not confer a benefit on Solana, *see Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 128 Nev. 371, 381, 283 P.3d 250, 257 (2012) (recognizing that this is an element of an unjust enrichment claim), and appellant has not challenged that determination on appeal. However, we conclude that summary judgment was improper on appellant's claim for breach of the duty of good faith. In particular, appellant sought the excess proceeds from the foreclosure sale after the HOA was paid the superpriority portion of its lien and allowable costs and fees. If the foreclosure sale extinguished appellant's deed of trust, appellant would have been entitled to the excess proceeds. *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 743, 334 P.3d 408, 409 (2014) (explaining that the superpriority portion of the HOA's lien is superior to the first deed of trust but that the first deed of trust is superior to the remaining portion of the HOA's lien); Restatement (Third) of Prop.: Mortgages § 7.4 (Am. Law Inst. 1997) (explaining that excess proceeds from

a foreclosure sale are distributed to junior lienholders in order of the lienholders' priority).[4] Consistent with the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART, AND REMAND this matter to the district court for proceedings consistent with this order.[5]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Silver                                Douglas

cc:    Chief Judge, Eighth Judicial District Court
      Janet Trost, Settlement Judge
      Akerman LLP/Las Vegas
      Lipson Neilson P.C.
      Clark Newberry Law Firm
      Eighth District Court Clerk

---

[4]We recognize that NRS 116.31164(3)(c) (2005) provides for satisfaction of the HOA's entire lien before satisfaction of subordinate liens. However, construing the statute in that manner would effectively render an HOA's lien entirely superior to a first deed of trust, which is at odds with NRS 116.3116(2). *Cf. Simmons Self-Storage Partners, LLC v. Rib Roof, Inc.*, 130 Nev. 540, 546, 331 P.3d 850, 854 (2014) ("[W]e construe unambiguous statutory language according to its plain meaning unless doing so would provide an absurd result.").

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.